Electronically Filed - Jackson - Kansas City - July 29, 2020 - 09:57 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| RHONDA SUE THIRY, Individually and )<br>As representative )<br>Of the class of persons entitled to bring a claim for )<br>The Wrongful Death of Steven Craig Newby II, Decedent, )<br>Pursuant to R.S.Mo. §§ 537.080, *et seq.,* )<br>100 E. Tebo St. )<br>Clinton, MO  64735 )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>DOLLAR TREE STORES, INC. d/b/a )<br>FAMILY DOLLAR, )<br>**SERVE:** )<br>CSC-Lawyers Incorporating Service Company )<br>221 Bolivar Street )<br>Jefferson City, MO 65101 )<br> )<br>And )<br> )<br>JOHN DOE, )<br> )<br>Kansas City, Missouri )<br> )<br>Defendants. ) | Case No.<br>Division |

## PETITION FOR WRONGFUL DEATH

COMES NOW Plaintiff, Rhonda Sue Thiry ("Thiry"), Individually, and as class representative under RSMo 537.080, by and through her attorney, and for her causes of action against Defendant Dollar Tree Stores, Inc. d/b/a Family Dollar ("Family Dollar") and Defendant John Doe, states and alleges as follows:

1

EXHIBIT 1

**ALLEGATIONS COMMON TO ALL COUNTS**

1.      That Plaintiff Thiry is a citizen of the State of Missouri and currently resides at 100 E. Tebo St., Clinton, Henry County, Missouri 64735, is the surviving natural mother of Decedent, Steven Craig Newby II, and is in the class of individuals who, pursuant to R.S.Mo. § 537.080, *et seq.*, is authorized to bring a cause of action for the wrongful death of Decedent, Steven Craig Newby II.

2.      That Dollar Tree Stores, Inc. d/b/a Family Dollar (hereinafter, "Family Dollar") is a Virginia corporation registered to do business and in good standing in the State of Missouri, with its corporate headquarters located at 500 Volvo Parkway, Chesapeake, Virginia 23320, and may be served through its Registered Agent as set forth above.

3.      That Defendant John Doe is a resident of Jackson County Missouri and may be served in Jackson County, Missouri.

4.      That this Court has jurisdiction over the Defendants in that Defendant Family Dollar conducts business in this state and the negligent acts alleged occurred within the State of Missouri, and Defendant John Doe resides in Missouri.  Jurisdiction, therefore, comports with the due process requirements of the State of Missouri and the United States Constitutions.

5.       That venue is proper in this Court pursuant to R.S. Mo. § 508.010 in that the cause of action which is the subject of this suit arose in Jackson County, Missouri.

6.      That on or about May 26, 2020, and before and since that date, Defendant Family Dollar has owned, occupied, and/or had possession and control of the premises located at 2605 E. 18th Street, Kansas City, Jackson County, Missouri, and that Defendant maintained that location

EXHIBIT 1

as commercial real estate for the purpose of operating a retail store on that date, and before and since that date.

7.      That on or about May 26, 2020, and at all time relevant hereto, Defendant John Doe was employed by and acting within the scope of employment with Defendant Family Dollar.

8.      That on or about May 26, 2020, Steven Craig Newby II was lawfully on Defendant Family Dollar's said premises as a business invitee.

9.      That after leaving the Defendant Family Dollar's retail store and while outside the Family Dollar Store at 2605 E. 18th Street, Kansas City, Missouri on May 26, 2020, Steven Craig Newby II was attacked by Defendant Family Dollar's employee, John Doe, while in the course and scope of his employment with Defendant Family Dollar.

10.     That the injuries suffered by Steven Craig Newby II caused his death on May 26, 2020.

**COUNT I – NEGLIGENCE FAMILY DOLLAR AND JOHN DOE**

11.     Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 10 above as if fully set forth herein.

12.     That at the time of the above-referenced incident, Defendant John Doe was acting in the course and scope of his employment with Defendant Family Dollar and/or Dollar Tree Store, Inc.

13.     That as the owner and/or possessor of said premises and business, and employer of Defendant John Doe, Defendant Family Dollar had a duty to exercise ordinary and reasonable care for the protection of Decedent Steven Craig Newby II and others.

3

EXHIBIT 1

14.    That Defendant John Doe had a duty to use ordinary and reasonable care in the protection of Defendant Steven Craig Newby II, and others.

15.    That Defendants breached its duty to protect Decedent Steven Craig Newby II from the attack in this case in that they failed to train, adopt, implement, or otherwise take sufficient precautionary measures so as to prevent harm and injury to Decedent and Defendants were thereby negligent.

16.    That as a direct and proximate result of the acts and/or omissions of the Defendant Family Dollar and Defendant John Doe acting within the course and scope of his employment, which resulted in the death of Steven Newby, Plaintiff has been caused to incur damages for the pain and suffering Decedent Steven Craig Newby II endured between the time of his initial injuries and the time of his death, for his death, pecuniary losses by reason of the death of Steven Craig Newby II, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, as well as all other damages allowed under R.S.Mo § 537.090 and/or Missouri law.

17.    That as a direct and proximate result of Defendant's negligence, Decedent Steven Craig Newby II suffered fatal stabbing wounds and died, and Plaintiff has suffered, and will continue in the future to suffer, the damages described herein.

18.    That Defendant John Doe's conduct in the involvement of the death of Steven Newby II constituted reckless disregard for the safety of individuals, including but not limited to Decedent Steven Newby II, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgement against Defendants in an amount in excess of $75,000.00, that is fair and reasonable to compensate her for the significant and

4

EXHIBIT 1

substantial damages arising out of the above-described incident, for punitive damages, and for all other further relief the Court deems just and proper, together with all costs of this action.

<u>**COUNT II – NEGLIGENCE SUPERVISION/TRAINING BY DEFENDANT FAMILY DOLLAR**</u>

Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

19.     That Defendant Family Dollar failed to institute adequate safeguards to prevent its employees, including Defendant John Doe from using deadly and disproportionate force to detain and or stop Decedent Steven Newby II and others.

20.  That Defendant Family Dollar failed to properly and adequately train, supervise and instruct Defendant John Doe in threat perception, force and procedure.

21.  That as a direct  and proximate result of such failure and negligence on the part of Defendant Family Dollar, Plaintiff's decedent suffered fatal injury and was caused to experience horrific pain, physical injury, and emotional distress prior to his death, and Plaintiff has been caused to incur funeral and burial expenses, medical bills related to the deceased person's final injury, lost wages, including the value of the wages the decedent would have earned had he lived, mental anguish suffering, bereavement, loss of society, care, comfort, protection, guidance, advice, attention, counsel and affection of her son.

22.     That in allowing Defendant John Doe to work without appropriate training, supervision and instruction, Defendant Family Dollar exhibited conscious disregard for the rights and well-being of other persons including Plaintiff's Decedent Steven Newby II, and otherwise acted recklessly with conscious disregard for the safety and well-being of Plaintiff's Decedent Steven Newby II.

5

EXHIBIT 1

WHEREFORE, Plaintiff prays for judgement against Defendant Family Dollar in an amount in excess of $75,000.00, that is fair and reasonable to compensate her for the significant and substantial damages arising out of the above-described incident, for punitive damages, and for all other further relief the Court deems just and proper, together with all costs of this action.

## COUNT III – ASSAULT AND BATTERY DEFENDANTS FAMILY DOLLAR AND JOHN DOE

Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 22 above as if fully set forth herein.

23.     That Defendant John Doe stabbed Decedent Steven Newby II with the intent to cause apprehension of offensive contact, offensive contact, apprehension of bodily harm and/or death and bodily harm and death.

24.     That Defendant John Doe thereby caused Decedent Steven Newby II to be in apprehension of offensive contact, offensive contact, apprehension of bodily harm and/or death and bodily harm and death.

25.     That Defendant John Doe, with the intent to place Decedent Steven Newby II in apprehension of bodily harm, stabbed Decedent Steven Newby II and thereby caused Decedent Steven Newby bodily injury, harm and death.

26.     That at all times alleged herein Defendant John Doe was an employee acting within the course and scope of his employment with Defendant Family Dollar.

27.     That as a direct and proximate result of Defendant John Doe's conduct, Decedent Steven Newby II suffered bodily harm, injury and death.

28.     That as a direct  and proximate result of Defendant John Doe's conduct,  Plaintiff's decedent suffered fatal injury and was caused to experience horrific pain, physical injury, and

6

EXHIBIT 1

emotional distress prior to his death, and Plaintiff has been caused to incur funeral and burial expenses, medical bills related to the deceased person's final injury, lost wages, including the value of the wages the decedent would have earned had he lived, mental anguish suffering, bereavement, loss of society, care, comfort, protection, parental guidance, advice attention, counsel and affection of her son.

29.     That Defendant John Doe exhibited conscious disregard for the rights and well-being of other persons including Plaintiff's Decedent Steven Newby II, and otherwise acted recklessly with conscious disregard for the safety and well-being of Plaintiff's Decedent Steven Newby II.

WHEREFORE, Plaintiff prays for judgement against Defendant Family Dollar in an amount in excess of $75,000.00, that is fair and reasonable to compensate her for the significant and substantial damages arising out of the above-described incident, for punitive damages, and for all other further relief the Court deems just and proper, together with all costs of this action.

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff and requests a trial by jury on all issues so triable.

Respectfully submitted,

EDELMAN AND THOMPSON, L.L.C.


___/s/ Leah M. Mason_____
LEAH M. MASON        #40942
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
(816) 561-3400
(816) 561-1664 (Fax)
lmason@etkclaw.com - e-mail
ATTORNEYS FOR PLAINTIFF

7

EXHIBIT 1

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**RHONDA SUE THIRY**,

                           **PLAINTIFF(S),**              **CASE NO.** 2016-CV15837

**VS.**                                                    **DIVISION 6**

**DOLLAR TREE STORES, INC. ET AL**,

                            **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

    NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JAMES DALE YOUNGS** on **03-DEC-2020** in **DIVISION 6** at **01:30 PM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

    A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

    At the Case Management Conference, counsel should be prepared to address at least the following:

    a.      A trial setting;

    b.      Expert Witness Disclosure Cutoff Date;

    c.      A schedule for the orderly preparation of the case for trial;

    d.      Any issues which require input or action by the Court;

    e.      The status of settlement negotiations.

Case 4:21-cv-00003-SRB   Document 1-1   Filed 01/04/21   Page 8 of 59
EXHIBIT 1

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

_/S/ JAMES DALE YOUNGS_
JAMES DALE YOUNGS**, Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
LEAH MARIE MASON, EDELMAN & THOMPSON LLC, 3100 BROADWAY, SUITE 1400, KANSAS CITY, MO 64111

Defendant(s):
 DOLLAR TREE STORES, INC.
JOHN DOE

Dated: 31-JUL-2020

MARY A. MARQUEZ
Court Administrator

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| RHONDA SUE THIRY, Individually and | ) | |
| As representative | ) | |
| Of the class of persons entitled to bring a claim for | ) | |
| The Wrongful Death of Steven Craig Newby II, Decedent, | ) | |
| Pursuant to R.S.Mo. §§ 537.080, *et seq.,* | ) | |
| 100 E. Tebo St. | ) | |
| Clinton, MO 64735 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2016-CV15837 |
| vs. | ) | Division 6 |
| | ) | |
| DOLLAR TREE STORES, INC. d/b/a | ) | |
| FAMILY DOLLAR, | ) | |
| **SERVE:** | ) | |
| CSC-Lawyers Incorporating Service Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ANTHONY WILLIAMSON, | ) | |
| | ) | |
| | ) | |
| Kansas City, Missouri | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED PETITION FOR WRONGFUL DEATH**

COMES NOW Plaintiff Rhonda Sue Thiry ("Thiry"), Individually and as class

representative under RSMo 537.080, by and through her attorney, and for her causes of action

against Defendant Dollar Tree Stores, Inc. d/b/a Family Dollar ("Family Dollar") and Anthony

Williamson (Williamson), state and allege as follows:

1

EXHIBIT 1

## **ALLEGATIONS COMMON TO ALL COUNTS**

1.      That Plaintiff Thiry is a citizen of the State of Missouri and currently resides at 100

E. Tebo St., Clinton, Henry County, Missouri 64735, is the surviving natural mother of Decedent,

Steven Craig Newby II, and is in the class of individuals who, pursuant to R.S.Mo. § 537.080, *et*

*seq.*, is authorized to bring a cause of action for the wrongful death of Decedent, Steven Craig

Newby II.

2.      That Dollar Tree Stores, Inc. d/b/a Family Dollar (hereinafter, "Family Dollar") is

a Virginia corporation registered to do business and in good standing in the State of Missouri, with

its corporate headquarters located at 500 Volvo Parkway, Chesapeake, Virginia 23320, and may

be served through its Registered Agent as set forth above.

3.      That Defendant Anthony Williamson is a resident of Jackson County, Missouri and

may be served in Jackson County, Missouri, based upon information and belief.

4.      That this Court has jurisdiction over the Defendants in that Defendant Family

Dollar conducts business in this state and the negligent acts alleged occurred within the State of

Missouri, and Defendant Williamson resides in Missouri.  Jurisdiction, therefore, comports with

the due process requirements of the State of Missouri and the United States Constitutions.

5.       That venue is proper in this Court pursuant to R.S. Mo. § 508.010 in that the cause

of action which is the subject of this suit arose in Jackson County, Missouri.

6.      That on or about May 26, 2020, and before and since that date, Defendant Family

Dollar has owned, occupied, and/or had possession and control of the premises located at 2605 E.

18th Street, Kansas City, Jackson County, Missouri, and that Defendant maintained that location

EXHIBIT 1

as commercial real estate for the purpose of operating a retail store on that date, and before and since that date.

7.  That on or about May 26, 2020, and at all times relevant hereto, Defendant Williamson was employed by and acting within the scope of employment with Defendant Family Dollar.

8.  That on or about May 26, 2020, Steven Craig Newby II was lawfully on Defendant Family Dollar's said premises as a business invitee.

9.  That after leaving the Defendant Family Dollar's retail store and while outside the Family Dollar Store at 2605 E. 18th Street, Kansas City, Missouri on May 26, 2020, Steven Craig Newby II was attacked by Defendant Family Dollar's employee, Williamson, while in the course and cope of his employment with Defendant Family Dollar.

10.  That the injuries suffered by Steven Craig Newby II caused his death on May 26, 2020.

## COUNT I – NEGLIGENCE FAMILY DOLLAR AND ANTHONY WILLIAMSON

11.  Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 10 above as if fully set forth herein.

12.  That at the time of the above-referenced incident, Defendant Williamson was acting in the course and scope of his employment with Defendant Family Dollar and/or Dollar Tree Store, Inc.

3

EXHIBIT 1

13. That as the owner and/or possessor of said premises and business, and employer of Defendant Williamson, Defendant Family Dollar had a duty to exercise ordinary and reasonable care for the protection of Decedent Steven Craig Newby II and others.

14. That Defendant Anthony Williamson had a duty to use ordinary and reasonable care in the protection of Defendant Steven Craig Newby II, and others.

15. That Defendants breached its duty to protect Decedent Steven Craig Newby II from the attack in this case in that they failed to train, adopt, implement, or otherwise take sufficient precautionary measures so as to prevent harm and injury to Decedent and Defendants were thereby negligent.

16. That as a direct and proximate result of the acts and/or omissions of the Defendant Family Dollar and Defendant Williamson acting within the course and scope of his employment, which resulted in the death of Steven Newby, Plaintiff has been caused to incur damages for the pain and suffering Decedent Steven Craig Newby II endured between the time of his initial injuries and the time of his death, for his death, pecuniary losses by reason of the death of Steven Craig Newby II, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, as well as all other damages allowed under R.S.Mo § 537.090 and/or Missouri law.

17. That as a direct and proximate result of Defendant's negligence, Decedent Steven Craig Newby II suffered fatal stabbing wounds and died, and Plaintiff has suffered, and will continue in the future to suffer, the damages described herein.

EXHIBIT 1

18.    That Defendant Williamson's conduct in the involvement of the death of Steven Newby II constituted reckless disregard for the safety of individuals, including but not limited to decedent Steven Newby II, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgement against Defendants in an amount in excess of $75,000.00, that is fair and reasonable to compensate her for the significant and substantial damages arising out of the above-described incident, for punitive damages, and for all other further relief the Court deems just and proper, together with all costs of this action.

### COUNT II – NEGLIGENCE SUPERVISION/TRAINING BY DEFENDANT FAMILY DOLLAR

Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

19.    That Defendant Family Dollar failed to institute adequate safeguards to prevent its employees, including Defendant Williamson from using deadly and disproportionate force to detain and or stop Decedent Steven Newby II and others.

20.  That Defendant Family Dollar failed to properly and adequately train, supervise and instruct Defendant Williamson in threat perception, force and procedure.

21.  That as a direct  and proximate result of such failure and negligence on the part of Defendant Family Dollar, Plaintiff's decedent suffered fatal injury and was caused to experience horrific pain, physical injury, and emotional distress prior to his death, and Plaintiff has been caused to incur funeral and burial expenses, medical bills related to the deceased person's final injury, lost wages, including the value of the wages the decedent would have earned had he lived,

EXHIBIT 1

Electronically Filed - Jackson - Kansas City - August 05, 2020 - 02:43 PM

mental anguish suffering, bereavement, loss of society, care, comfort, protection, guidance, advice attention, counsel and affection of her son.

22.     That in allowing Defendant Williamson to work without appropriate training, supervision and instruction, Defendant Family Dollar exhibited conscious disregard for the rights and well-being of other persons including Plaintiff's decedent Steven Newby II, and otherwise acted recklessly with conscious disregard for the safety and well-being of Plaintiff's decedent Steven Newby II.

WHEREFORE, Plaintiff prays for judgement against Defendant Family Dollar in an amount in excess of $75,000.00, that is fair and reasonable to compensate her for the significant and substantial damages arising out of the above-described incident, for punitive damages, and for all other further relief the Court deems just and proper, together with all costs of this action.

## COUNT III – ASSAULT AND BATTERY DEFENDANTS FAMILY DOLLAR AND ANTHONY WILLIAMSON

Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 22 above as if fully set forth herein.

23.     That Defendant Williamson stabbed Decedent Steven Newby II with the intent to cause apprehension of offensive contact, offensive contact, apprehension of bodily harm and/or death and bodily harm and death.

24.     That Defendant Anthony Williamson thereby caused Decedent Steven Newby II to be in apprehension of offensive contact, offensive contact, apprehension of bodily harm and/or death and bodily harm and death.

6

EXHIBIT 1

25.     That Defendant Anthony Williamson, with the intent to place Decedent Steven Newby II in apprehension of bodily harm, stabbed Decedent Steven Newby II and thereby caused Decedent Steven Newby bodily injury, harm and death.

26.     That at all times alleged herein Defendant Anthony Williamson was an employee acting within the course and scope of his employment with Defendant Family Dollar.

27.  That as a direct and proximate result of Defendant Anthony Williamson's conduct, Decedent Steven Newby II suffered bodily harm, injury and death.

28.     That as a direct  and proximate result of Defendant Anthony Williamson's conduct, Plaintiff's decedent suffered fatal injury and was caused to experience horrific pain, physical injury, and emotional distress prior to his death, and Plaintiff has been caused to incur funeral and burial expenses, medical bills related to the deceased person's final injury, lost wages, including the value of the wages the decedent would have earned had he lived,  mental anguish suffering, bereavement, loss of society, care, comfort, protection, parental guidance, advice attention, counsel and affection of her son.

29.     That Defendant Anthony Williamson exhibited conscious disregard for the rights and well-being of other persons including Plaintiff's decedent Steven Newby II, and otherwise acted recklessly with conscious disregard for the safety and well-being of Plaintiff's decedent Steven Newby II.

WHEREFORE, Plaintiff prays for judgement against Defendant Family Dollar and Anthony Williamson in an amount in excess of $75,000.00, that is fair and reasonable to compensate her for the significant and substantial damages arising out of the above-described

7

EXHIBIT 1

incident, for punitive damages, and for all other further relief the Court deems just and proper,

together with all costs of this action.

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff and requests a trial by jury on all issues so triable.

Respectfully submitted,

EDELMAN AND THOMPSON, L.L.C.

_____/s/ Leah M. Mason_____

LEAH M. MASON        #40942
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
(816) 561-3400
(816) 561-1664 (Fax)
lmason@etkclaw.com - e-mail

ATTORNEYS FOR PLAINTIFF

8

EXHIBIT 11

IN THE CIRCUIT COURT OF JACKSON COUNTY
AT KANSAS CITY, MISSOURI

RHONDA SUE THIRY _____ )
      Plaintiff/Petitioner, )
VS. )      Case No.:_2016-CV15837
      )
DOLLAR TREE STORES, INC. _____ )      Division No.: 6
      Defendant/Respondent. )

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | | | |
|---|---|---|---|---|
| Will Acree | PPS20-0275 | | John Clor | PPS20-0305 |
| Jan Adams | PPS20-0276 | | Kathleen Clor | PPS20-0306 |
| Roger Adams | PPS20-0277 | | Chad Compton | PPS20-0307 |
| Randy Adkins | PPS20-0225 | | Kenneth V Condrey | PPS20-0308 |
| Bobby Ali | PPS20-0278 | | Sharon R Condrey | PPS20-0309 |
| Gregory Allen | PPS20-0279 | | Theodore Cordasco | PPS20-0310 |
| Victor Aponte | PPS20-0280 | | Cesar Corral | PPS20-0311 |
| Brandon Aschenbrenner | PPS20-0281 | | George H Covert | PPS20-0312 |
| Julia Ascorra | PPS20-0282 | | Dennis Dahlberg | PPS20-0026 |
| Teresa Bailly | PPS20-0283 | | Mary Dahlberg | PPS20-0027 |
| Joseph Baska | PPS20-0284 | | Patricia Dambach-Cirko | PPS20-0313 |
| Carrington Bell | PPS20-0012 | | Bert Daniels, Jr. | PPS20-0028 |
| George Bell | PPS20-0286 | | Alterck Davenport | PPS20-0314 |
| Dianna Blea | PPS20-0287 | | Richard Davis | PPS20-0029 |
| Richard J Blea | PPS20-0288 | | Duane D Day | PPS20-0315 |
| Robert Blixt | PPS20-0289 | | Gerald R Deadwyles | PPS20-0316 |
| Brent Bohnhoff | PPS20-0014 | | Bryce Dearborn | PPS20-0317 |
| Ann Bollino | PPS20-0291 | | Robert DeLacy, Jr. | PPS20-0318 |
| Donnie C Briley | PPS20-0292 | | Robert E DeLacy, III | PPS20-0319 |
| Kathy Broom | PPS20-0293 | | Kathleen Dnunno | PPS20-0320 |
| Kenneth Brown | PPS20-0294 | | Marrissa Doan | PPS20-0034 |
| Hester Bryant | PPS20-0019 | | Claudia Dohn | PPS20-0321 |
| Nicholas Bull | PPS20-0020 | | Dale Dorning | PPS20-0322 |
| James F Burke | PPS20-0296 | | Valentina Dorning | PPS20-0323 |
| Randy Burrow | PPS20-0021 | | Catherine Drake | PPS20-0324 |
| Gory Burt | PPS20-0022 | | Alex Duaine | PPS20-0325 |
| Maurice Burton | PPS20-0298 | | Roland Duff | PPS20-0326 |
| William Caputo | PPS20-0299 | | Rochelle D Earthrise | PPS20-0327 |
| Kyle Carter | PPS20-0023 | | Daniel Eberle | PPS20-0328 |
| Charles Casey | PPS20-0300 | | Shawn Edwards | PPS20-0035 |
| George Castillo | PPS20-0301 | | Jessica Ellison | PPS20-0330 |
| Fidel A Cervantes | PPS20-0302 | | Abel Emiru | PPS20-0331 |
| Trenia Cherry | PPS20-0303 | | Donald C Eskra, Jr. | PPS20-0332 |
| Joyce Clemmons | PPS20-0304 | | Leticia Estrada | PPS20-0333 |

EXHIBIT 11

| | |
|---|---|
| David S Felter | PPS20-0334 |
| William Ferrell | PPS20-0037 |
| Robert Finley | PPS20-0335 |
| Stephen Folcher | PPS20-0336 |
| Ryan D Fortune | PPS20-0337 |
| Chris Fowler | PPS20-0338 |
| James Frago | PPS20-0038 |
| John Frago | PPS20-0039 |
| Thomas Garrett | PPS20-0339 |
| Andrew Garza | PPS20-0041 |
| Charles Gay | PPS20-0340 |
| Richard Gerber | PPS20-0341 |
| Louis Gerrick | PPS20-0342 |
| Paul Gizel | PPS20-0343 |
| Ronda Godard | PPS20-0344 |
| Adam Golden | PPS20-0345 |
| Bradley Gordon | PPS20-0042 |
| Tom Gorgone | PPS20-0044 |
| Paul O Grimes | PPS20-0348 |
| Charles Gunning | PPS20-0046 |
| Darnell Hamilton | PPS20-0143 |
| Kimberly Hamilton | PPS20-0351 |
| Natalie Hawks | PPS20-0050 |
| Larry Haynes | PPS20-0352 |
| Douglas Hays | PPS20-0051 |
| Grace Hazell | PPS20-0353 |
| Richard Heimerich, Jr. | PPS20-0354 |
| Stephen Heitz | PPS20-0052 |
| Charles Helms | PPS20-0356 |
| Austen Hendrickson | PPS20-0357 |
| Jonathan Hennings | PPS20-0358 |
| Jesse J Hernandez | PPS20-0359 |
| Michael Hibler | PPS20-0360 |
| Anthonio Hightower | PPS20-0361 |
| Cherrod T Hindsman | PPS20-0362 |
| James Hise | PPS20-0054 |
| Gary F Hodges | PPS20-0363 |
| Alex Holland | PPS20-0057 |
| Leonard Horseman | PPS20-0364 |
| Ulonda Howard | PPS20-0365 |
| Martin Hueckel | PPS20-0366 |
| Damion Hugher | PPS20-0367 |
| Mary Hurley | PPS20-0058 |
| George Illidge | PPS20-0368 |
| Frank James | PPS20-0369 |
| Matthew Jankowski | PPS20-0370 |
| Betty Johnson | PPS20-0059 |

| | |
|---|---|
| Edward Johnson | PPS20-0060 |
| James Johnson | PPS20-0061 |
| Jordan Johnson | PPS20-0372 |
| Justin L Johnson | PPS20-0373 |
| Randy Johnson | PPS20-0374 |
| Samuel Johnson | PPS20-0375 |
| Haile Kahssu | PPS20-0376 |
| Kenneth Kearney | PPS20-0377 |
| Michael Keating | PPS20-0378 |
| Elizabeth A Kidd | PPS20-0379 |
| Donna Jo King | PPS20-0371 |
| Kenneth Klewicki | PPS20-0380 |
| Wyman Kroft | PPS20-0381 |
| Jo Ann Lane | PPS20-0382 |
| Eric B Layton | PPS20-0383 |
| Kristie Lewis | PPS20-0384 |
| John D Lichtenegger | PPS20-0385 |
| Bert Lott | PPS20-0386 |
| Robert Lutren | PPS20-0387 |
| Daniel Maglothin | PPS20-0069 |
| Matthews J Manlich | PPS20-0388 |
| Robert Manning | PPS20-0389 |
| Deborah Martin | PPS20-0072 |
| Michael Martin | PPS20-0073 |
| Ryan Martin | PPS20-0193 |
| Susie Martin | PPS20-0390 |
| Thomas Matthews | PPS20-0391 |
| Casey McKee | PPS20-0076 |
| Michael McMahon | PPS20-0392 |
| Michael Meade | PPS20-0393 |
| Michael Meador | PPS20-0077 |
| Kenny Medlin | PPS20-0078 |
| Arsalan Memon | PPS20-0396 |
| Eric Mendenhall | PPS20-0397 |
| Jenna Mendoza | PPS20-0398 |
| Matthew Millhollin | PPS20-0081 |
| Carla M Monehain | PPS20-0400 |
| Carlos Moreno | PPS20-0401 |
| Michael S Morrison | PPS20-0402 |
| Kelly Murski | PPS20-0403 |
| Andrew Myers | PPS20-0087 |
| Frederick Myers | PPS20-0088 |
| James Myers | PPS20-0089 |
| Stephanie Myers | PPS20-0090 |
| Paul Nardizzi | PPS20-0404 |
| Wendy Neff | PPS20-0405 |
| Christopher New | PPS20-0091 |

EXHIBIT

| Jillian Newkirk | PPS20-0406 |
| Jeremy Nicholas | PPS20-0092 |
| Michael Noble | PPS20-0093 |
| Michael C Nolon | PPS20-0409 |
| Colter Norris | PPS20-0410 |
| Dennis Norris | PPS20-0411 |
| Kody Norris | PPS20-0412 |
| Trinity Olson | PPS20-0413 |
| Craig Palmer | PPS20-0414 |
| Cynthia Paris | PPS20-0415 |
| Douglas W Patterson | PPS20-0416 |
| Antonio Perez | PPS20-0417 |
| Jaron Perkins | PPS20-0418 |
| Anha Pham | PPS20-0419 |
| Thai Pham | PPS20-0420 |
| Gregory Piazza | PPS20-0421 |
| Vincent A Piazza | PPS20-0422 |
| Brian T Pierce | PPS20-0423 |
| Timothy Pinney | PPS20-0424 |
| Joshua Pitts | PPS20-0425 |
| Rocellious Pope | PPS20-0426 |
| Nancy A Porter | PPS20-0427 |
| Andre Powell | PPS20-0428 |
| Benjamin Purses | PPS20-0429 |
| Richard Ramirez | PPS20-0430 |
| Charles Reardon | PPS20-0431 |
| Derek L Reddick | PPS20-0432 |
| Angela Reed | PPS20-0433 |
| Christopher Reed | PPS20-0434 |
| Edward Reed | PPS20-0435 |
| Betty G Rice | PPS20-0436 |
| Karen L Rice | PPS20-0437 |
| Cheryl Richey | PPS20-0439 |
| Debra Rios | PPS20-0440 |
| David M Roberts | PPS20-0206 |
| Patricia Roberts | PPS20-0207 |
| Jeroy Robinson | PPS20-0441 |
| Sammie Robinson | PPS20-0108 |
| Adrienne Rodriguez | PPS20-0442 |
| Gabriel Rodriguez | PPS20-0443 |
| Mateo F Rodriguez | PPS20-0444 |
| Richard C Ross | PPS20-0445 |
| Melissa Ruiz | PPS20-0446 |
| Antonio Ruque | PPS20-0447 |
| Edna Russell | PPS20-0110 |
| Lee H Russell | PPS20-0448 |
| Mark A Russell | PPS20-0449 |

| John Sadler | PPS20-0450 |
| Ligno Sanchez | PPS20-0451 |
| Virginia Saxon-Ford | PPS20-0452 |
| Greg Schermerhorn | PPS20-0453 |
| Brenda Schiwitz | PPS20-0111 |
| Michael Schuller | PPS20-0454 |
| Nathaniel Scott | PPS20-0455 |
| Quratulain Shoukat | PPS20-0456 |
| Jeremy Small | PPS20-0457 |
| Monica Smith | PPS20-0458 |
| Anthony Spada | PPS20-0459 |
| Melissa Spencer | PPS20-0460 |
| Jamie Stallo | PPS20-0461 |
| Marc A Starks | PPS20-0462 |
| Barbara Steil | PPS20-0463 |
| Kelvin Stinyard | PPS20-0464 |
| Randy Stone | PPS20-0117 |
| Sonja Stone | PPS20-0118 |
| Steven Stosur | PPS20-0465 |
| Robert T Stover | PPS20-0006 |
| Jeanie Straessler | PPS20-0466 |
| Chance Strawser | PPS20-0467 |
| David Taliaferro | PPS20-0119 |
| Ramona Rose Talvacchio | PPS20-0468 |
| Katherina M Tan | PPS20-0469 |
| Berhane Tassaw | PPS20-0470 |
| Michael Taylor | PPS20-0120 |
| Christina Tiffany | PPS20-0471 |
| Stephen M Troutz | PPS20-0472 |
| Clinton Turpen | PPS20-0473 |
| Henry J Valladares Cruz | PPS20-0474 |
| Margarita Vasquez | PPS20-0475 |
| Robert E Vick, II | PPS20-0476 |
| Bradley Votaw | PPS20-0477 |
| Joseph T Wachowski | PPS20-0478 |
| Ambiko Wallace | PPS20-0479 |
| Vance M Warren, Sr. | PPS20-0480 |
| Barbara West | PPS20-0481 |
| Pamela K Wheetley | PPS20-0007 |
| Jennifer White | PPS20-0482 |
| Conni Wilson | PPS20-0131 |
| Deborah A Wilson | PPS20-0484 |
| Jerry Wilson | PPS20-0132 |
| Mitchell Wirth | PPS20-0485 |
| Debra Woodhouse | PPS20-0133 |
| Jerry Wooten | PPS20-0487 |

EXHIBIT 11

as private process servers in the above-captioned matter.  In support of said motion, Plaintiff states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,
EDELMAN & THOMPSON, L.L.C.

_____/s/ Leah M. Mason_____
Leah M. Mason        MO Bar # 40942
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
(816) 561-3400
(816) 561-1664 (Fax)
lmason@etkclaw.com - e-mail

ATTORNEYS FOR PLAINTIFF


### ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and the above-named individuals are hereby appointed to serve process in the above-captioned matter.


DATE: _____          _____

                                                                Judge or Circuit Clerk

EXHIBIT 11

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY, MISSOURI

RHONDA SUE THIRY,            )
                            )
          Plaintiff,        )
                            )
vs.                         )   Case No. 2016-CV15837
                            )
DOLLAR TREE STORES, INC., *et al.*,   )   Division 6
                            )
          Defendants.       )


## **MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS**
### **INSTRUCTIONS FOR ALIAS SUMMONS**

<u>X</u>  PRIVATE PROCESS            __  CIVIL PROCESS


<u>X</u>  ISSUE ALIAS SUMMONS TO DEFENDANT:      **Anthony E. Williamson, Jr.**
                                              **1600 Jackson, Apt. 503**
                                              **Kansas City, MO  64127**

                                              _____Jackson_____
                                              County of Service

CASE CONTINUED TO:  _____

☐ PREPARE TRANSCRIPT OF JUDGMENT ☐ AUTHENTICATED    ☐ CERTIFIED ☐ RECORD AS LIEN
                                  ☐ W/ LETTER


## <u>REQUESTED BY</u>

<u>Leah M. Mason  MO Bar # 40942</u>          _____/s/ Leah M. Mason_____
      ATTORNEY & BAR NO.                          SIGNATURE

<u>3100 Broadway, Suite 1400</u>               _____(816) 561-3400_____
      ADDRESS                                     PHONE

<u>Kansas City      MO        64111</u>        _____8/6/2020_____
      City         State      Zip                 Date

EXHIBIT 1

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**AT KANSAS CITY, MISSOURI**

RHONDA SUE THIRY                              )
       Plaintiff/Petitioner,          )
VS.                                          )          Case No.:  2016-CV15837
                                     )
DOLLAR TREE STORES, INC.        )          Division No.:  6
       Defendant/Respondent.   )

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | | | |
|---|---|---|---|---|
| Will Acree | PPS20-0275 | | John Clor | PPS20-0305 |
| Jan Adams | PPS20-0276 | | Kathleen Clor | PPS20-0306 |
| Roger Adams | PPS20-0277 | | Chad Compton | PPS20-0307 |
| Randy Adkins | PPS20-0225 | | Kenneth V Condrey | PPS20-0308 |
| Bobby Ali | PPS20-0278 | | Sharon R Condrey | PPS20-0309 |
| Gregory Allen | PPS20-0279 | | Theodore Cordasco | PPS20-0310 |
| Victor Aponte | PPS20-0280 | | Cesar Corral | PPS20-0311 |
| Brandon Aschenbrenner | PPS20-0281 | | George H Covert | PPS20-0312 |
| Julia Ascorra | PPS20-0282 | | Dennis Dahlberg | PPS20-0026 |
| Teresa Bailly | PPS20-0283 | | Mary Dahlberg | PPS20-0027 |
| Joseph Baska | PPS20-0284 | | Patricia Dambach-Cirko | PPS20-0313 |
| Carrington Bell | PPS20-0012 | | Bert Daniels, Jr. | PPS20-0028 |
| George Bell | PPS20-0286 | | Alterck Davenport | PPS20-0314 |
| Dianna Blea | PPS20-0287 | | Richard Davis | PPS20-0029 |
| Richard J Blea | PPS20-0288 | | Duane D Day | PPS20-0315 |
| Robert Blixt | PPS20-0289 | | Gerald R Deadwyles | PPS20-0316 |
| Brent Bohnhoff | PPS20-0014 | | Bryce Dearborn | PPS20-0317 |
| Ann Bollino | PPS20-0291 | | Robert DeLacy, Jr. | PPS20-0318 |
| Donnie C Briley | PPS20-0292 | | Robert E DeLacy, III | PPS20-0319 |
| Kathy Broom | PPS20-0293 | | Kathleen Dnunno | PPS20-0320 |
| Kenneth Brown | PPS20-0294 | | Marrissa Doan | PPS20-0034 |
| Hester Bryant | PPS20-0019 | | Claudia Dohn | PPS20-0321 |
| Nicholas Bull | PPS20-0020 | | Dale Dorning | PPS20-0322 |
| James F Burke | PPS20-0296 | | Valentina Dorning | PPS20-0323 |
| Randy Burrow | PPS20-0021 | | Catherine Drake | PPS20-0324 |
| Gory Burt | PPS20-0022 | | Alex Duaine | PPS20-0325 |
| Maurice Burton | PPS20-0298 | | Roland Duff | PPS20-0326 |
| William Caputo | PPS20-0299 | | Rochelle D Earthrise | PPS20-0327 |
| Kyle Carter | PPS20-0023 | | Daniel Eberle | PPS20-0328 |
| Charles Casey | PPS20-0300 | | Shawn Edwards | PPS20-0035 |
| George Castillo | PPS20-0301 | | Jessica Ellison | PPS20-0330 |
| Fidel A Cervantes | PPS20-0302 | | Abel Emiru | PPS20-0331 |
| Trenia Cherry | PPS20-0303 | | Donald C Eskra, Jr. | PPS20-0332 |
| Joyce Clemmons | PPS20-0304 | | Leticia Estrada | PPS20-0333 |

EXHIBIT 11

| | | | |
|---|---|---|---|
| David S Felter | PPS20-0334 | Edward Johnson | PPS20-0060 |
| William Ferrell | PPS20-0037 | James Johnson | PPS20-0061 |
| Robert Finley | PPS20-0335 | Jordan Johnson | PPS20-0372 |
| Stephen Folcher | PPS20-0336 | Justin L Johnson | PPS20-0373 |
| Ryan D Fortune | PPS20-0337 | Randy Johnson | PPS20-0374 |
| Chris Fowler | PPS20-0338 | Samuel Johnson | PPS20-0375 |
| James Frago | PPS20-0038 | Haile Kahssu | PPS20-0376 |
| John Frago | PPS20-0039 | Kenneth Kearney | PPS20-0377 |
| Thomas Garrett | PPS20-0339 | Michael Keating | PPS20-0378 |
| Andrew Garza | PPS20-0041 | Elizabeth A Kidd | PPS20-0379 |
| Charles Gay | PPS20-0340 | Donna Jo King | PPS20-0371 |
| Richard Gerber | PPS20-0341 | Kenneth Klewicki | PPS20-0380 |
| Louis Gerrick | PPS20-0342 | Wyman Kroft | PPS20-0381 |
| Paul Gizel | PPS20-0343 | Jo Ann Lane | PPS20-0382 |
| Ronda Godard | PPS20-0344 | Eric B Layton | PPS20-0383 |
| Adam Golden | PPS20-0345 | Kristie Lewis | PPS20-0384 |
| Bradley Gordon | PPS20-0042 | John D Lichtenegger | PPS20-0385 |
| Tom Gorgone | PPS20-0044 | Bert Lott | PPS20-0386 |
| Paul O Grimes | PPS20-0348 | Robert Lutren | PPS20-0387 |
| Charles Gunning | PPS20-0046 | Daniel Maglothin | PPS20-0069 |
| Darnell Hamilton | PPS20-0143 | Matthews J Manlich | PPS20-0388 |
| Kimberly Hamilton | PPS20-0351 | Robert Manning | PPS20-0389 |
| Natalie Hawks | PPS20-0050 | Deborah Martin | PPS20-0072 |
| Larry Haynes | PPS20-0352 | Michael Martin | PPS20-0073 |
| Douglas Hays | PPS20-0051 | Ryan Martin | PPS20-0193 |
| Grace Hazell | PPS20-0353 | Susie Martin | PPS20-0390 |
| Richard Heimerich, Jr. | PPS20-0354 | Thomas Matthews | PPS20-0391 |
| Stephen Heitz | PPS20-0052 | Casey McKee | PPS20-0076 |
| Charles Helms | PPS20-0356 | Michael McMahon | PPS20-0392 |
| Austen Hendrickson | PPS20-0357 | Michael Meade | PPS20-0393 |
| Jonathan Hennings | PPS20-0358 | Michael Meador | PPS20-0077 |
| Jesse J Hernandez | PPS20-0359 | Kenny Medlin | PPS20-0078 |
| Michael Hibler | PPS20-0360 | Arsalan Memon | PPS20-0396 |
| Anthonio Hightower | PPS20-0361 | Eric Mendenhall | PPS20-0397 |
| Cherrod T Hindsman | PPS20-0362 | Jenna Mendoza | PPS20-0398 |
| James Hise | PPS20-0054 | Matthew Millhollin | PPS20-0081 |
| Gary F Hodges | PPS20-0363 | Carla M Monehain | PPS20-0400 |
| Alex Holland | PPS20-0057 | Carlos Moreno | PPS20-0401 |
| Leonard Horseman | PPS20-0364 | Michael S Morrison | PPS20-0402 |
| Ulonda Howard | PPS20-0365 | Kelly Murski | PPS20-0403 |
| Martin Hueckel | PPS20-0366 | Andrew Myers | PPS20-0087 |
| Damion Hugher | PPS20-0367 | Frederick Myers | PPS20-0088 |
| Mary Hurley | PPS20-0058 | James Myers | PPS20-0089 |
| George Illidge | PPS20-0368 | Stephanie Myers | PPS20-0090 |
| Frank James | PPS20-0369 | Paul Nardizzi | PPS20-0404 |
| Matthew Jankowski | PPS20-0370 | Wendy Neff | PPS20-0405 |
| Betty Johnson | PPS20-0059 | Christopher New | PPS20-0091 |

| | | | |
|---|---|---|---|
| Jillian Newkirk | PPS20-0406 | John Sadler | PPS20-0450 |
| Jeremy Nicholas | PPS20-0092 | Ligno Sanchez | PPS20-0451 |
| Michael Noble | PPS20-0093 | Virginia Saxon-Ford | PPS20-0452 |
| Michael C Nolon | PPS20-0409 | Greg Schermerhorn | PPS20-0453 |
| Colter Norris | PPS20-0410 | Brenda Schiwitz | PPS20-0111 |
| Dennis Norris | PPS20-0411 | Michael Schuller | PPS20-0454 |
| Kody Norris | PPS20-0412 | Nathaniel Scott | PPS20-0455 |
| Trinity Olson | PPS20-0413 | Quratulain Shoukat | PPS20-0456 |
| Craig Palmer | PPS20-0414 | Jeremy Small | PPS20-0457 |
| Cynthia Paris | PPS20-0415 | Monica Smith | PPS20-0458 |
| Douglas W Patterson | PPS20-0416 | Anthony Spada | PPS20-0459 |
| Antonio Perez | PPS20-0417 | Melissa Spencer | PPS20-0460 |
| Jaron Perkins | PPS20-0418 | Jamie Stallo | PPS20-0461 |
| Anha Pham | PPS20-0419 | Marc A Starks | PPS20-0462 |
| Thai Pham | PPS20-0420 | Barbara Steil | PPS20-0463 |
| Gregory Piazza | PPS20-0421 | Kelvin Stinyard | PPS20-0464 |
| Vincent A Piazza | PPS20-0422 | Randy Stone | PPS20-0117 |
| Brian T Pierce | PPS20-0423 | Sonja Stone | PPS20-0118 |
| Timothy Pinney | PPS20-0424 | Steven Stosur | PPS20-0465 |
| Joshua Pitts | PPS20-0425 | Robert T Stover | PPS20-0006 |
| Rocellious Pope | PPS20-0426 | Jeanie Straessler | PPS20-0466 |
| Nancy A Porter | PPS20-0427 | Chance Strawser | PPS20-0467 |
| Andre Powell | PPS20-0428 | David Taliaferro | PPS20-0119 |
| Benjamin Purses | PPS20-0429 | Ramona Rose Talvacchio | PPS20-0468 |
| Richard Ramirez | PPS20-0430 | Katherina M Tan | PPS20-0469 |
| Charles Reardon | PPS20-0431 | Berhane Tassaw | PPS20-0470 |
| Derek L Reddick | PPS20-0432 | Michael Taylor | PPS20-0120 |
| Angela Reed | PPS20-0433 | Christina Tiffany | PPS20-0471 |
| Christopher Reed | PPS20-0434 | Stephen M Troutz | PPS20-0472 |
| Edward Reed | PPS20-0435 | Clinton Turpen | PPS20-0473 |
| Betty G Rice | PPS20-0436 | Henry J Valladares Cruz | PPS20-0474 |
| Karen L Rice | PPS20-0437 | Margarita Vasquez | PPS20-0475 |
| Cheryl Richey | PPS20-0439 | Robert E Vick, II | PPS20-0476 |
| Debra Rios | PPS20-0440 | Bradley Votaw | PPS20-0477 |
| David M Roberts | PPS20-0206 | Joseph T Wachowski | PPS20-0478 |
| Patricia Roberts | PPS20-0207 | Ambiko Wallace | PPS20-0479 |
| Jeroy Robinson | PPS20-0441 | Vance M Warren, Sr. | PPS20-0480 |
| Sammie Robinson | PPS20-0108 | Barbara West | PPS20-0481 |
| Adrienne Rodriguez | PPS20-0442 | Pamela K Wheetley | PPS20-0007 |
| Gabriel Rodriguez | PPS20-0443 | Jennifer White | PPS20-0482 |
| Mateo F Rodriguez | PPS20-0444 | Conni Wilson | PPS20-0131 |
| Richard C Ross | PPS20-0445 | Deborah A Wilson | PPS20-0484 |
| Melissa Ruiz | PPS20-0446 | Jerry Wilson | PPS20-0132 |
| Antonio Ruque | PPS20-0447 | Mitchell Wirth | PPS20-0485 |
| Edna Russell | PPS20-0110 | Debra Woodhouse | PPS20-0133 |
| Lee H Russell | PPS20-0448 | Jerry Wooten | PPS20-0487 |
| Mark A Russell | PPS20-0449 | | |

EXHIBIT 11

as private process servers in the above-captioned matter.  In support of said motion, Plaintiff states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,
EDELMAN & THOMPSON, L.L.C.

/s/ Leah M. Mason

Leah M. Mason          MO Bar # 40942
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
(816) 561-3400
(816) 561-1664 (Fax)
lmason@etkclaw.com - e-mail

ATTORNEYS FOR PLAINTIFF


## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and the above-named individuals are hereby appointed to serve process in the above-captioned matter.

DATE: _____11-Aug-2020_____

_____
Circuit Clerk

EXHIBIT 1



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JAMES DALE YOUNGS | Case Number: 2016-CV15837 |
|---|---|
| Plaintiff/Petitioner:<br>RHONDA SUE THIRY | Plaintiff's/Petitioner's Attorney/Address<br>LEAH MARIE MASON<br>EDELMAN & THOMPSON LLC<br>3100 BROADWAY<br>SUITE 1400<br>vs. KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>DOLLAR TREE STORES, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ANTHONY WILLIAMSON
**Alias:**

1600 JACKSON APT 503
KANSAS CITY, MO 64127

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

14-AUG-2020
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                        Date                                Notary Public

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JACKSMCC) *For Court Use Only:* Document Id # 20-SMCC-6993   1 of 1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00003-SRB   Document 1-1   Filed 01/04/21   Page 27 of 59
EXHIBIT 1

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                                        Circuit Court of Jackson County

EXHIBIT 1

6/2020

# AFFIDAVIT OF NON-SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2016-CV15837

Plaintiff/Petitioner:
**RHONDA SUE THIRY**

vs.

Defendant/Respondent:
**DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, et. al.**

Received by HPS Process Service & Investigations to be served on **Anthony Williamson, 1600 Jackson, Apartment 503, Kansas City, MO 64127**.

I, SUSIE MARTIN, being duly sworn, depose and say that on the **15th day of September, 2020** at **2:00 pm**, I:

DISCONTINUED ATTEMPTING SERVICE of the **Summons in Civil Case; First Amended Petition for Wrongful Death; Notice of Case Management Conference for Civil Case and Order for Mediation; and Motion and Order for Appointment of Private Process Server** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
Non-Est. Unable to establish contact with Anthony Williamson at the provided address of 1600 Jackson, Apartment 503, Kansas City, MO. The server attempted the provided address on 8/25 at 2:53 pm and was advised that the subject had moved from the address. Service attempts were discontinued.

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the ___18___ day
of _____ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

A. MOON
My Commission Expires
February 24, 2021
Clay County
Commission #13450191

_____
**SUSIE MARTIN**
Process Server

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2020015089
Ref: 200501

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

EXHIBIT 1

# AFFIDAVIT OF NON-SERVICE

**State of Missouri**        **County of Jackson**        **Circuit Court**

Case Number: 2016-CV15837

Plaintiff/Petitioner:
**RHONDA SUE THIRY**

vs.

Defendant/Respondent:
**DOLLAR TREE STORES, INC., d/b/a FAMILY DOLLAR, et. al.**

Received by HPS Process Service & Investigations to be served on **Anthony Williamson, 1600 Jackson, Apartment 503, Kansas City, MO 64127**.

I, SUSIE MARTIN, being duly sworn, depose and say that on the **15th day of September, 2020** at **2:00 pm**, I:

DISCONTINUED ATTEMPTING SERVICE of the **Summons in Civil Case; First Amended Petition for Wrongful Death; Notice of Case Management Conference for Civil Case and Order for Mediation; and Motion and Order for Appointment of Private Process Server** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
Non-Est. Unable to establish contact with Anthony Williamson at the provided address of 1600 Jackson, Apartment 503, Kansas City, MO. The server attempted the provided address on 8/25 at 2:53 pm and was advised that the subject had moved from the address. Service attempts were discontinued.

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the ___ day of _____ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

A. MOON
My Commission Expires
February 24, 2021
Clay County
Commission #13450194

_____
**SUSIE MARTIN**
Process Server

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2020015089
Ref: 200501

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

EXHIBIT 1

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| RHONDA SUE THIRY, Individually and | ) | |
| As representative | ) | |
| Of the class of persons entitled to bring a claim for | ) | |
| The Wrongful Death of Steven Craig Newby II, Decedent, | ) | |
| Pursuant to R.S.Mo. §§ 537.080, *et seq.,* | ) | |
| 100 E. Tebo St. | ) | |
| Clinton, MO  64735 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2016-CV15837 |
| vs. | ) | Division 6 |
| | ) | |
| DOLLAR TREE STORES, INC. d/b/a | ) | |
| FAMILY DOLLAR, | ) | |
| **SERVE:** | ) | |
| CSC-Lawyers Incorporating Service Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ANTHONY WILLIAMSON, | ) | |
| **SERVE:** | ) | |
| 1200 North 40th St. | ) | |
| Kansas City, KS  66102 | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED PETITION FOR WRONGFUL DEATH**

COMES NOW Plaintiff Rhonda Sue Thiry ("Thiry"), Individually and as class

representative under RSMo 537.080, by and through her attorney, and for her causes of action

against Defendant Dollar Tree Stores, Inc. d/b/a Family Dollar ("Family Dollar") and Anthony

Williamson (Williamson), states and alleges as follows:

1

**ALLEGATIONS COMMON TO ALL COUNTS**

1.      That Plaintiff Thiry is a citizen of the State of Missouri and currently resides at 100

E. Tebo St., Clinton, Henry County, Missouri 64735, is the surviving natural mother of Decedent,

Steven Craig Newby II, and is in the class of individuals who, pursuant to R.S.Mo. § 537.080, *et*

*seq.*, is authorized to bring a cause of action for the wrongful death of Decedent, Steven Craig

Newby II.

2.      That Dollar Tree Stores, Inc. d/b/a Family Dollar (hereinafter, "Family Dollar") is

a Virginia corporation registered to do business and in good standing in the State of Missouri, with

its corporate headquarters located at 500 Volvo Parkway, Chesapeake, Virginia 23320, and may

be served through its Registered Agent as set forth above.

3.      That Defendant Anthony Williamson is a resident of Wyandotte County, Kansas

and may be served at 1200 North 40th, Kansas City, KS  66102.

4.      That this Court has jurisdiction over the Defendants in that Defendant Family

Dollar conducts business in this state and the acts alleged occurred within the State of Missouri.

Jurisdiction, therefore, comports with the due process requirements of the State of Missouri and

the United States Constitutions.

5.       That venue is proper in this Court pursuant to R.S. Mo. § 508.010 in that the cause

of action which is the subject of this suit arose in Jackson County, Missouri.

6.      That on or about May 26, 2020, and before and since that date, Defendant Family

Dollar has owned, occupied, and/or had possession and control of the premises located at 2605 E.

18th Street, Kansas City, Jackson County, Missouri, and that Defendant maintained that location

EXHIBIT 1

as commercial real estate for the purpose of operating a retail store on that date, and before and since that date.

7.      That on or about May 26, 2020, and at all times relevant hereto, Defendant Williamson was employed by and acting within the scope of employment with Defendant Family Dollar.

8.      That on or about May 26, 2020, Steven Craig Newby II was lawfully on Defendant Family Dollar's said premises as a business invitee.

9.      That after leaving the Defendant Family Dollar's retail store and while outside the Family Dollar Store at 2605 E. 18th Street, Kansas City, Missouri on May 26, 2020, Steven Craig Newby II was attacked by Defendant Family Dollar's employee, Williamson, while in the course and scope of his employment with Defendant Family Dollar.

10.     That the injuries suffered by Steven Craig Newby II caused his death on May 26, 2020.

**COUNT I – NEGLIGENCE FAMILY DOLLAR AND ANTHONY WILLIAMSON**

11.     Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 10 above as if fully set forth herein.

12.     That at the time of the above-referenced incident, Defendant Williamson was acting in the course and scope of his employment with Defendant Family Dollar and/or Dollar Tree Store, Inc.

3

EXHIBIT 1

13.     That as the owner and/or possessor of said premises and business, and employer of Defendant Williamson, Defendant Family Dollar had a duty to exercise ordinary and reasonable care for the protection of Decedent Steven Craig Newby II and others.

14.     That Defendant Anthony Williamson had a duty to use ordinary and reasonable care in the protection of Defendant Steven Craig Newby II, and others.

15.     That Defendants breached its duty to protect Decedent Steven Craig Newby II from the attack in this case in that they failed to train, adopt, implement, or otherwise take sufficient precautionary measures so as to prevent harm and injury to Decedent and Defendants were thereby negligent.

16.     That as a direct and proximate result of the acts and/or omissions of the Defendant Family Dollar and Defendant Williamson acting within the course and scope of his employment, which resulted in the death of Steven Newby,  Plaintiff  has been caused to incur damages for the pain and suffering Decedent Steven Craig Newby II endured between the time of his initial injuries and the time of his death, for his death, pecuniary losses by reason of the death of Steven Craig Newby II, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support, as well as all other damages allowed under R.S.Mo § 537.090 and/or Missouri law.

17.     That as a direct and proximate result of Defendant's negligence, Decedent Steven Craig Newby II suffered fatal stabbing wounds and died, and Plaintiff has suffered, and will continue in the future to suffer, the damages described herein.

4

EXHIBIT 11

18.     That Defendant Williamson's conduct in the involvement of the death of Steven Newby II constituted reckless disregard for the safety of individuals, including but not limited to decedent Steven Newby II, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount in excess of $25,000.00, that is fair and reasonable to compensate her for the significant and substantial damages arising out of the above-described incident, for punitive damages, and for all other further relief the Court deems just and proper, together with all costs of this action.

## COUNT II – NEGLIGENCE SUPERVISION/TRAINING BY DEFENDANT FAMILY DOLLAR

19.     Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

20.     That Defendant Family Dollar failed to institute adequate safeguards to prevent its employees, including Defendant Williamson from using deadly and disproportionate force to detain and or stop Decedent Steven Newby II and others.

21.  That Defendant Family Dollar failed to properly and adequately train, supervise and instruct Defendant Williamson in threat perception, force and procedure.

22.  That as a direct  and proximate result of such failure and negligence on the part of Defendant Family Dollar, Plaintiff's decedent suffered fatal injury and was caused to experience horrific pain, physical injury, and emotional distress prior to his death, and Plaintiff has been caused to incur funeral and burial expenses, medical bills related to the deceased person's final injury, lost wages, including the value of the wages the decedent would have earned had he lived,

mental anguish suffering, bereavement, loss of society, care, comfort, protection, guidance, advice attention, counsel and affection of her son.

23.     That in allowing Defendant Williamson to work without appropriate training, supervision and instruction, Defendant Family Dollar exhibited conscious disregard for the rights and well-being of other persons including Plaintiff's decedent Steven Newby II, and otherwise acted recklessly with conscious disregard for the safety and well-being of Plaintiff's decedent Steven Newby II.

WHEREFORE, Plaintiff prays for judgment against Defendant Family Dollar in an amount in excess of $25,000.00, that is fair and reasonable to compensate her for the significant and substantial damages arising out of the above-described incident, for punitive damages, and for all other further relief the Court deems just and proper, together with all costs of this action.

## COUNT III – ASSAULT AND BATTERY DEFENDANTS FAMILY DOLLAR AND ANTHONY WILLIAMSON

24.     Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 23 above as if fully set forth herein.

25.     That Defendant Williamson stabbed Decedent Steven Newby II with the intent to cause apprehension of offensive contact, offensive contact, apprehension of bodily harm and/or death and bodily harm and death.

26.     That Defendant Anthony Williamson thereby caused Decedent Steven Newby II to be in apprehension of offensive contact, offensive contact, apprehension of bodily harm and/or death and bodily harm and death.

6

EXHIBIT 1

27. That Defendant Anthony Williamson, with the intent to place Decedent Steven Newby II in apprehension of bodily harm, stabbed Decedent Steven Newby II and thereby caused Decedent Steven Newby bodily injury, harm and death.

28. That at all times alleged herein Defendant Anthony Williamson was an employee acting within the course and scope of his employment with Defendant Family Dollar.

29. That as a direct and proximate result of Defendant Anthony Williamson's conduct, Decedent Steven Newby II suffered bodily harm, injury and death.

30. That as a direct and proximate result of Defendant Anthony Williamson's conduct, Plaintiff's decedent suffered fatal injury and was caused to experience horrific pain, physical injury, and emotional distress prior to his death, and Plaintiff has been caused to incur funeral and burial expenses, medical bills related to the deceased person's final injury, lost wages, including the value of the wages the decedent would have earned had he lived, mental anguish suffering, bereavement, loss of society, care, comfort, protection, parental guidance, advice attention, counsel and affection of her son.

31. That Defendant Anthony Williamson exhibited conscious disregard for the rights and well-being of other persons including Plaintiff's decedent Steven Newby II, and otherwise acted recklessly with conscious disregard for the safety and well-being of Plaintiff's decedent Steven Newby II.

WHEREFORE, Plaintiff prays for judgement against Defendant Family Dollar and Anthony Williamson in an amount in excess of $25,000.00, that is fair and reasonable to compensate her for the significant and substantial damages arising out of the above-described

7

incident, for punitive damages, and for all other further relief the Court deems just and proper, together with all costs of this action.

## **DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff and requests a trial by jury on all issues so triable.

Respectfully submitted,

EDELMAN AND THOMPSON, L.L.C.

_____/s/ Leah M. Mason_____
LEAH M. MASON        #40942
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
(816) 561-3400
(816) 561-1664 (Fax)
lmason@etkclaw.com - e-mail

ATTORNEYS FOR PLAINTIFF

8

EXHIBIT 1

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY, MISSOURI

RHONDA SUE THIRY,         )
                                  )
         Plaintiff,      )
                                  )
         vs.           )    Case No. 2016-CV15837
                                  )
DOLLAR TREE STORES, INC., *et al.*,  )    Division 6
                                  )
         Defendants.    )

## <u>MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS</u>
### INSTRUCTIONS FOR ALIAS SUMMONS

\_\_  PRIVATE PROCESS        <u>X</u>  CIVIL PROCESS

<u>X</u>  ISSUE ALIAS SUMMONS TO DEFENDANT:    **Dollar Tree Stores, Inc. d/b/a**
**Family Dollar**
**RA: CSC Lawyers**
**Incorporating Service Co.**
**221 Bolivar Street**
**Jefferson City, MO 65101**

                                      <u>    Cole    </u>
                                      County of Service

CASE CONTINUED TO:   _____

☐ PREPARE TRANSCRIPT OF JUDGMENT ☐ AUTHENTICATED    ☐ CERTIFIED ☐ RECORD AS LIEN
                                      ☐ W/ LETTER

## REQUESTED BY

<u>Leah M. Mason  MO Bar # 40942    </u>         <u>/s/ Leah M. Mason          </u>
      ATTORNEY & BAR NO.                     SIGNATURE

<u>3100 Broadway, Suite 1400     </u>         <u>(816) 561-3400            </u>
      ADDRESS                               PHONE

<u>Kansas City      MO      64111 </u>       <u>11/17/2020             </u>
   City        State      Zip             Date

EXHIBIT 1

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY, MISSOURI

RHONDA SUE THIRY, )
)
Plaintiff, )
)
vs. ) Case No. 2016-CV15837
)
DOLLAR TREE STORES, INC., *et al.*, ) Division 6
)
Defendants. )

## <u>MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS</u>
### INSTRUCTIONS FOR ALIAS SUMMONS

<u>X</u>  PRIVATE PROCESS          __  CIVIL PROCESS

<u>X</u>  ISSUE ALIAS SUMMONS TO DEFENDANT:     **Anthony E. Williamson, Jr.**
**1200 North 40th Street**
**Kansas City, KS 66102**

_____Wyandotte - KS_____
County of Service

CASE CONTINUED TO: _____

☐ PREPARE TRANSCRIPT OF JUDGMENT ☐ AUTHENTICATED     ☐ CERTIFIED ☐ RECORD AS LIEN
☐ W/ LETTER

## <u>REQUESTED BY</u>

Leah M. Mason  MO Bar # 40942_____          _____/s/ Leah M. Mason_____
ATTORNEY & BAR NO.                                                  SIGNATURE

3100 Broadway, Suite 1400_____          (816) 561-3400_____
ADDRESS                                                          PHONE

Kansas City       MO       64111          11/17/2020_____
City       State       Zip          Date

EXHIBIT 1



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES DALE YOUNGS | **Case Number: 2016-CV15837** |
| Plaintiff/Petitioner:<br>RHONDA SUE THIRY<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LEAH MARIE MASON<br>EDELMAN & THOMPSON LLC<br>3100 BROADWAY<br>SUITE 1400<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>DOLLAR TREE STORES, INC. | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Wrongful Death | KANSAS CITY, MO 64106<br><br>(Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** **DOLLAR TREE STORES, INC.**
 **D/B/A FAMILY DOLLAR**
**R/A CSC-LAWYERS INCORPORATING**
**SERVICE COMPANY**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

 **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

 20-NOV-2020
 Date                    Clerk

 Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
 Printed Name of Sheriff or Server                    Signature of Sheriff or Server
 **Must be sworn before a notary public if not served by an authorized officer:**

 Subscribed and sworn to before me on _____ (date).

 *(Seal)*

 My commission expires: _____
                    Date                    Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 4:21-cv-00003-SRB   Document 1-1   Filed 01/04/21   Page 41 of 59   EXHIBIT 1

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

EXHIBIT 1

6/2020



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JAMES DALE YOUNGS | **Case Number: 2016-CV15837** |
|---|---|
| Plaintiff/Petitioner:<br>RHONDA SUE THIRY | Plaintiff's/Petitioner's Attorney/Address<br>LEAH MARIE MASON<br>EDELMAN & THOMPSON LLC<br>3100 BROADWAY<br>SUITE 1400<br>**vs.** KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>DOLLAR TREE STORES, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ANTHONY WILLIAMSON
**Alias:**

1200 N 40TH ST
KANSAS CITY, KS 66102

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

20-NOV-2020
Date

Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

_____ Date

_____ Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 20-SMCC-10694     1     of 1 Civil Procedure Form No. 1, Rule 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:21-cv-00003-SRB   Document 1-1   Filed 01/04/21   Page 43 of 59
EXHIBIT 1

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

EXHIBIT 1

6/2020

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| RHONDA SUE THIRY, Individually and | ) |
| As representative | ) |
| Of the class of persons entitled to bring a claim for | ) |
| The Wrongful Death of Steven Craig Newby II, Decedent, | ) |
| Pursuant to R.S.Mo. §§ 537.080, *et seq.,* | ) |
| 100 E. Tebo St. | ) |
| Clinton, MO  64735 | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cases No. 2016-CV15837 |
| vs. | ) Division 6 |
| | ) |
| DOLLAR TREE STORES, INC. d/b/a | ) |
| FAMILY DOLLAR, | ) |
| | ) |
| and | ) |
| | ) |
| ANTHONY WILLIAMSON, | ) |
| | ) |
| Defendants. | ) |

**ENTRY OF APPEARANCE**

COMES NOW Thomas R. Davis and the law firm of Brown & Crouppen, P.C., and hereby enter their appearance as counsel of record on behalf of Steve Newby, biological father and part of the class of persons comprising the Plaintiff and entitled to bring a claim for the wrongful death of Steven Craig Newby, II.

1

EXHIBIT 1

Respectfully Submitted by:

BROWN & CROUPPEN, P.C.

/s/ Thomas R. Davis
Thomas R. Davis          #43640
2345 Grand Boulevard, Suite 675
Kansas City, Missouri 64108
(816) 756-1461
(816) 817-1401 (Facsimile)
tomd@getbc.com
pipleadings@getbc.com
ATTORNEYS FOR STEVE NEWBY


## CERTIFICATE OF SERVICE

I certify that on the 3rd day of Dececmber 2020, I electronically filed the foregoing document with the Clerk of the Court using the Missouri E-Filing system, which sent notice of electronic filing to the following:


EDELMAN AND THOMPSON, L.L.C.

___/s/ Leah M. Mason___
LEAH M. MASON          #40942
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
(816) 561-3400
(816) 561-1664 (Fax)
lmason@etkclaw.com
ATTORNEYS FOR RHONDA SUE THIRY


/s/ Thomas R. Davis
ATTORNEYS FOR STEVE NEWBY

2

EXHIBIT 11

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

RHONDA SUE THIRY

          **PLAINTIFF(S),**         **CASE NO.** 2016-CV15837

**VS.**          **DIVISION 6**

DOLLAR TREE STORES, INC ET AL

          **DEFENDANT(S),**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

_____

    NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable JAMES DALE YOUNGS on 04-FEB-2021 in DIVISION 6 at 01:30 PM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

    A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

    At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

EXHIBIT 1

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ JAMES DALE YOUNGS
JAMES DALE YOUNGS, **Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
LEAH MARIE MASON, EDELMAN & THOMPSON LLC, 3100 BROADWAY, SUITE 1400, KANSAS CITY, MO 64111

THOMAS RAYMOND DAVIS, BROWN & CROUPPEN P.C., 2345 GRAND BLVD STE 675, KANSAS CITY, MO 64108

Defendant(s):
ANTHONY WILLIAMSON
DOLLAR TREE STORES, INC.
JOHN DOE

Dated: 11-DEC-2020

MARY A. MARQUEZ
Court Administrator

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| RHONDA S. THIRY, | ) | |
| Plaintiff, | ) | Case No.    2016-CV15837 |
| | ) | Division  6 |
| v. | ) | |
| | ) | |
| DOLLAR TREE STORES, INC. ET AL., | ) | |
| Defendants. | ) | |

## ORDER

On December 3, 2020, this matter comes before the Court, and **IT IS HEREBY ORDERED** as follows:

1. **SETTING:**   This matter is set for **CASE MANAGEMENT CONFERENCE on February 4, 2021 AT 1:30 P.M.**  Case Management Conferences will be conducted via teleconference.  Contact Division 3 at (816) 881-3603 or via e-mail at Div3.cir16@courts.mo.gov with questions.

2. **PRE-TRIAL CONFERENCE/INSTRUCTIONS/MOTIONS IN LIMINE/OTHER MOTIONS:** [1]

   This case is set for a Pre-Trial Conference on _____2020/2021 at _____.

   a. Jury Instructions shall be filed and served seven (7) days prior to pretrial conference/trial.
   b. Motions in limine shall be filed and served fourteen (14) days prior to pretrial conference/trial.  Responses shall be filed and served seven (7) days prior to pretrial conference/trial.
   c. Dispositive motions shall be filed no later than ninety (90) days before trial.
   d. Portions of depositions to be read or played at trial shall be filed and served fourteen (14) days prior to trial.  Objections and counter designations shall be filed and served seven (7) days prior to trial.  Objections to counter designations shall be filed and served the Friday before trial.
   e. The parties shall file and exchange exhibit and witness lists and all exhibits they anticipate offering seven (7) days prior to pretrial conference/trial.

3. **DISCOVERY:**

   a. Plaintiff's retained and non-retained expert witnesses shall be identified and the information required by Rule 56.01(b)(4) and (5) provided by_____.
   b. Defendant's expert witnesses shall be identified and the information required by Rule 56.01(b)(4) and (5) provided by_____.
   c. All discovery shall be completed by _____.  Unless otherwise agreed by the parties or ordered by the Court, no discovery requests shall be served later than thirty (30) days prior to the discovery deadline.

4. **MEDIATION IS ORDERED** by the Court, to be completed by the close of discovery.  **The parties shall file a certification attesting that they have participated in mediation in compliance with this Order.**  The parties will agree on a mediator to be used, and costs of the mediation will be split evenly between the parties.  **IF THE CASE IS SETTLED, THE PARTIES SHALL <u>IMMEDIATELY</u> NOTIFY THE COURT'S LAW CLERK.**

5. **OTHER:** Case set over for service.

**IT IS SO ORDERED.**
**December 4, 2020**
_____                    _____
**DATE**                                                         **J. DALE YOUNGS, Circuit Judge**

---

[1]    These deadlines shall only be modified by the Court for good cause shown.

Electronically Filed - Jackson - Kansas City - December 04, 2020 - 02:32 PM

**SHERIFFS RETURN**

THE STATE OF KANSAS

**COUNTY OF WYANDOTTE**

CASE NO: _2016CV15837_     DEFENDANT: _Dollar Tree_

I received this summons for service on the __1__ day of _Dec_, 2020 @ _1615_ Hr's _p.m._

I hereby certify the below service on this summons:

- o **PERSONAL SERVICE:** By delivering a copy of said summons and a copy of the Petition to the defendant _____ at _____

- o **RESIDENCE SERVICE:** By leaving a copy of said summons and a copy of the Petition at the usual place of residence of the defendant with _____, a person of suitable age and discretion residing therein, at, _____ for, _____

- o **AGENT SERVICE:** By delivering a copy of said summons and a copy of the petition to the Agent named, _____, authorized by appointment or by law to receive service of process at _____ for _____

- o **RESIDENCE SERVICE and MAILING:** By leaving a copy of said service and copy of said petition at the usual place of residence of the defendant and mailing by first class mail a notice that such copies have been left at: _____ for : _____

- o **EVICTION:**
  Completed _____ Cancelled _____

- X **NO SERVICE:** The defendant was not found in this county after diligent search and inquiry.

- o **COMMENT:** _Anthony Williamson in Jail in Missouri_
  _Advised by resident_

**MOVED:**
    Per: _____

- o **NO PROPERTY FOUND IN THIS COUNTY.**
- o On The ___9___ day of _December_ 2020, @ _1731_ hrs

    By _**W. GREEN**_ _____ # _**1881**_ Deputy Sheriff

MICHELE TERRAZAS
NOTARY PUBLIC
STATE OF KANSAS
3-25-2022

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JAMES DALE YOUNGS | Case Number: 2016-CV15837 |
|---|---|
| Plaintiff/Petitioner:<br>RHONDA SUE THIRY | Plaintiff's/Petitioner's Attorney/Address<br>LEAH MARIE MASON<br>EDELMAN & THOMPSON LLC<br>3100 BROADWAY<br>SUITE 1400<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>DOLLAR TREE STORES, INC.<br>Nature of Suit:<br>CC Wrongful Death | **vs.**<br>Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: ANTHONY WILLIAMSON

1200 N 40TH ST
KANSAS CITY, KS 66102

Alias:

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

CIRCUIT COURT OF MISSOURI

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

20-NOV-2020
Date

Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

2020 NOV 25 PM 1:3[_]
RECEIVED

EXHIBIT 1

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-10694   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**THE STATE OF KANSAS**  **SHERIFFS RETURN**  **COUNTY OF WYANDOTTE**

CASE NO: 2016 CV 15837 DEFENDANT: Dollar Tree

I received this summons for service on the _1_ day of _Dec_, 2020 @ _1615_ Hr's _pm_

I hereby certify the below service on this summons:

- o **PERSONAL SERVICE:** By delivering a copy of said summons and a copy of the Petition to the defendant _____ at _____

- o **RESIDENCE SERVICE:** By leaving a copy of said summons and a copy of the Petition at the usual place of residence of the defendant with _____, a person of suitable age and discretion residing therein, at, _____ for, _____

- o **AGENT SERVICE:** By delivering a copy of said summons and a copy of the petition to the Agent named, _____, authorized by appointment or by law to receive service of process at _____ for _____

- o **RESIDENCE SERVICE and MAILING:** By leaving a copy of said service and copy of said petition at the usual place of residence of the defendant and mailing by first class mail a notice that such copies have been left at: _____ for : _____

- o **EVICTION:** Completed _____ Cancelled _____

- X **NO SERVICE:** The defendant was not found in this county after diligent search and inquiry.

- o **COMMENT:** Anthony Williamson in Jail in Missouri Advised by resident

**MOVED:**
Per: _____

- o **NO PROPERTY FOUND IN THIS COUNTY.**
- o On The _9_ day of _December_ 2020, @ _1731_ hrs

By **W. GREEN** # **1881** Deputy Sheriff

MICHELE TERRAZAS
NOTARY PUBLIC
STATE OF KANSAS
3-29-2022

Electronically Filed - Jackson - Kansas City - December 04, 2020 - 02:32 PM

IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES DALE YOUNGS | Case Number: 2016-CV15837 |
| Plaintiff/Petitioner:<br>RHONDA SUE THIRY | Plaintiff's/Petitioner's Attorney/Address<br>LEAH MARIE MASON<br>EDELMAN & THOMPSON LLC<br>3100 BROADWAY<br>SUITE 1400<br>KANSAS CITY, MO 64111 |
| | vs. |
| Defendant/Respondent:<br>DOLLAR TREE STORES, INC.<br>Nature of Suit:<br>CC Wrongful Death | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: ANTHONY WILLIAMSON
Alias:

1200 N 40TH ST
KANSAS CITY, KS 66102

# PRIVATE PROCESS SERVER

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

20-NOV-2020
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

RECEIVED 2020 NOV 25 PH 1:3

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only: Document Id # 20-SMCC-10694* 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Kansas City - December 04, 2020 - 02:32 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
KANSAS CITY, MISSOURI

RHONDA SUE THIRY, )
)
        Plaintiff, )
)
        vs. )   Case No. 2016-CV15837
)
DOLLAR TREE STORES, INC., )   Division 6
)
        Defendant. )


## **MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS**
### **INSTRUCTIONS FOR ALIAS SUMMONS**

\_  PRIVATE PROCESS         X  CIVIL PROCESS


X  ISSUE ALIAS SUMMONS TO DEFENDANT:    **Anthony Williamson**
**#202098527**
**Jackson County Detention Ctr**
**1300 Cherry St.**
**Kansas City, MO 64106**

                                       Jackson
                                 County of Service

CASE CONTINUED TO: _____

□ PREPARE TRANSCRIPT OF JUDGMENT □ AUTHENTICATED   □ CERTIFIED □ RECORD AS LIEN
                                             □ W/ LETTER

## REQUESTED BY

Leah M. Mason     MO Bar # 40942        /s/ Leah M. Mason
    ATTORNEY & BAR NO.                        SIGNATURE

3100 Broadway, Suite 1400          (816) 561-3400
        ADDRESS                           PHONE

Kansas City      MO      64111       12/4/2020
   City      State      Zip         Date

EXHIBIT 1

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ **AT KANSAS CITY** ☐ AT INDEPENDENCE

**RE**: **RHONDA S THIRY V DOLLAR TREE STORES, INC. ET AL**
**CASE NO:** **2016-CV15837**

**TO:** **LEAH MARIE MASON**
**EDELMAN & THOMPSON LLC**
**3100 BROADWAY**
**SUITE 1400**
**KANSAS CITY, MO 64111**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>December 4, 2020</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☒ **No service fee received; fee required is $36.00.**
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:** **Before your case can be processed further you will need to eFile the required service fee indicated above.**
☒ **Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.**
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

<u>**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.**</u>

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed DECEMBER 11, 2020 to:

COURT ADMINISTRATOR'S OFFICE
DEPARTMENT OF CIVIL RECORDS
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| **DECEMBER 11, 2020** | **By** | _Peggy Holley_ |
|---|---|---|
| **Date** | | **Peggy Holley, 816-881-6491** |

**Deputy Court Administrator**
☒ **415 East 12th St., Kansas City, Missouri 64106**
☐ **308 W. Kansas, Independence, Missouri 64050**



# EDELMAN & THOMPSON, LLC.

### Attorneys at Law
Penntower Office Center
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
(816) 561-3400 • Fax: (816) 561-1664
www.edelmanthompson.com

Ronald L. Edelman
James T. Thompson
Michael W. Downing
Brendan C. Buckley
Steffanie L. Stracke
Michael B. White
R. Carl Mueller, Jr.

Keith V. Yarwood
Leah M. Mason
Melissa L. Steed
Brett J. Coppage
John H. Thompson
Elizabeth L. Van Erem
Chad A. Stewart

Of Counsel
John Parisi

December 11, 2020

Court Administrator's Office
Department of Civil Records
Circuit Court of Jackson County, Missouri
415 E. 12th St.
Kansas City, MO 6 64106

Attn: Peggy Holley

RE:     *Rhonda Thiry v. Dollar Tree Stores, Inc. & Anthony Williamson*
        Case No.:      2016-CV15837
        Our Client:    Rhonda Thiry
        Our File No.:  200501

Dear Ms. Holley:

The fee for service on Defendant Williamson is being submitted with the filing of this letter. Please complete the processing of our *Memorandum to Department of Civil Records, Instructions for Alias Summons* filed on December 4, 2020.

Thank you for your assistance in this matter.

Very truly yours,

*/s/ Leah M. Mason*

LEAH M. MASON
Direct Dial:  816-994-8308
Email:  lmason@etkclaw.com

LMM:ejb

EXHIBIT 1



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>DAVID MICHAEL BYRN | **Case Number: 2016-CV15837** |
| Plaintiff/Petitioner:<br>RHONDA SUE THIRY | Plaintiff's/Petitioner's Attorney/Address<br>LEAH MARIE MASON<br>EDELMAN & THOMPSON LLC<br>3100 BROADWAY<br>SUITE 1400<br>KANSAS CITY, MO 64111 |
|                                     vs. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Defendant/Respondent:<br>DOLLAR TREE STORES, INC. | |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ANTHONY WILLIAMSON
           **Alias:**

#202098527
**JACKSON COUNTY DETENTION CTR**
**1300 CHERRY ST**
**KANSAS CITY, MO 64106**

*COURT SEAL OF*



*JACKSON COUNTY*

    **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

<u>17-DEC-2020</u>
    Date

                                   Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
    Printed Name of Sheriff or Server                       Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

    My commission expires: _____    _____
                           Date                        Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JACKSMCC) For Court Use Only: Document Id # 20-SMCC-11494   1   of   1   Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00003-SRB   Document 1-1   EXHIBIT 1   Filed 01/04/21   Page 57 of 59

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.


Circuit Court of Jackson County

EXHIBIT 1

6/2020



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

CASE DESCRIPTION:
RHONDA S THIRY V DOLLAR TREE STORES, INC. ET AL     **DUE 1/16/2021**

COURT CASE NUMBER:
2016-CV15837    **20 SMCC 11494    ANTHONY WILLIAMSON ( # 202098527 )**

FOREIGN CASE NUMBER:

## AFFIDAVIT

I, ___LEMUEL SMITH___, of lawful age, being first duly sworn, on my oath state that I am a Deputy Court Administrator employed as a process server for the Circuit Court of JACKSON County, Missouri: that the Court Administrator is vested with the authority to execute process in JACKSON County pursuant to Article VI of the JACKSON County, Missouri Constitutional Home Rule Charter; and that I executed this SUMMONS/ORDER CASE MGT/SECOND AMENDED PETITION in JACKSON County, Missouri.

☒ PERSONAL SERVICE: By delivering a copy of same personally to defendant ___ANTHONY WILLIAMSON___

☐ MEMBER OF FAMILY: By leaving a copy thereof at the dwelling place or usual place of abode of the within-named defendant, _____, by leaving with _____, who stated he/she was a member of the defendant's family over the age of 15 years.

☐ CORPORATION-PERSON IN CHARGE: By leaving a copy of same at the business office of the within-named corporation, _____, with _____, who said he/she was the person having charge thereof.

☐ CORPORATION-OFFICER OR AGENT: By delivering a copy of same to the within-named corporation, _____, by serving _____, who said he/she was _____

☐ NON-EST: By making a diligent search for and failing to find the within-named defendant, _____, for the reason that _____

Place of Service: ___JACKSON COUNTY DEPARTMENT OF CORRECTIONS___
Date of Service: ___12/29/2020___
Time of Service: ___12:52___ ☐ AM ☒ PM

COURT ADMINISTRATOR'S OFFICE
**Department of Civil Process**

CIRCUIT COURT OF JACKSON County, MO

By: ___MLO SMITH L___
                Deputy

CASSANDRA FITZPATRICK
My Commission Expires
October 17, 2022
Clay County
Commission #18094522

Subscribed and sworn to before me on ___December 29, 2020___

My Commission Expires: ___October 17, 2022___

_____
NOTARY PUBLIC